DISPATCH PRINTING COMPANY v. WILLIAM GEORGE.[1]

May 31, 1901.

Nos. 12,515—(122).

### Action against Receiver—Contract—Fraud.

A tripartite agreement between a certain business firm, parties of the first part, a party of the second part, and certain creditors of the firm, parties of the third part, provided for a transfer of the business and

[1] Reported in 86 N. W. 339.

property of the firm to the party of the second part in consideration of the payment of all of the firm's debts by the second party. The agreement further provided for the future conduct of the business under a power of attorney for the benefit of the parties of the third part and all other creditors of the firm; and the parties of the third part were also authorized to sell and dispose of the business if it should fail to pay their claims in the manner stipulated, and any balance remaining after payment of the firm's indebtedness to be paid over to the party of the second part. Thereafter, in an action commenced by the parties of the third part to secure possession and sale of the business and property, a receiver was appointed, who, under the court's direction, made a sale thereof. *Held*, in an action against such receiver by a creditor of the firm who was not a party to the agreement, and in ignorance of it and of the transfer of the property, that the agreement, upon its face, was not fraudulent as to the creditors not a party to it.

Appeal by plaintiff from an order of the district court for Ramsey county, Otis, J., denying a motion for a new trial. Affirmed.

*J. Henry Hintermister, Jr.*, and *Munn & Thygeson*, for appellant.

*Stevens, O'Brien, Cole & Albrecht*, for respondent.

LEWIS, J.

On August 29, 1894, H. P. Robinson, of Chicago, and A. F. Osterlind, of St. Paul, engaged in business in the city of St. Paul under the firm name of Robinson & Osterlind (also known as the Railroader Printing House), parties of the first part, Hilda C. Osterlind, of St. Paul, party of the second part, and five creditors of the firm, parties of the third part, entered into a tripartite agreement, by the terms of which the parties of the first part sold, transferred, and conveyed to the party of the second part all their goods, chattels, personal property, business, and good will, together with bills due and becoming due, and the credits of the firm. In consideration of such transfer and sale the party of the second part covenanted and agreed to become personally and solely liable for all the debts and obligations due and owing by said firm, and, in a manner specified, agreed to pay off the same, and further agreed to execute a power of attorney to certain parties to conduct the business for her and in her name. There were also provisions in the contract that the money earned by the business in excess of expenses should from time to time be paid to the parties

of the third part and other creditors of the parties of the first part, and it was stipulated therein that, in event the running expenses of the business exceeded the receipts and involved a loss, then the third parties were empowered to take possession of the business, and sell and dispose of the same for the benefit of the creditors; the proceeds of such sale to be applied to the payment of the claims of the parties of the third part and all other bona fide creditors, and the balance, if any, to go to the party of the second part. The agreement also contained a provision that if, at any time after fourteen months from the date thereof, the claims of the parties of third part were not reduced in at least fifteen per cent., then they might take possession of the business and sell and dispose of it upon the same conditions as above stated, but the parties of the third part expressly reserved the right to hold parties of the first part liable for any balance that might remain.

In pursuance of this agreement, the party of the second part executed the power of attorney therein mentioned, and the business was conducted thereunder. Thereafter, and in May, 1899, the parties of the third part brought an action in the district court of Ramsey county, Minnesota, against the parties of the first and second parts, setting forth the agreement in their complaint, and alleged that the trustees appointed thereunder had resigned, and that in their place one Robert C. Withey had been appointed trustee, who thereafter carried on the business, and further alleged that all of the claims against the firm had been paid, with the exception of such plaintiffs', but that their claims had not been reduced fifteen per cent., as provided by the agreement; that the business was not on a paying basis,—and asking for an accounting, and that it be sold under the direction of the court.

Such proceedings were subsequently had that a receiver was appointed to take charge of the business, with directions to sell and dispose of the same, and the proceeds thereof, after paying all expenses of litigation, to be distributed pro rata among the plaintiffs, and the balance, if any, to go to Hilda C. Osterlind; that thereafter the respondent in this action was appointed receiver, and as such receiver he sold certain printing presses belonging to

the business of Robert C. Withey for the sum of $3,000. The sale was confirmed by the court, and the receiver ordered to distribute the proceeds of the same, to the amount of $2,296.91, pro rata among the plaintiffs in that action, and to hold the balance for the court's further order. The appellant in this action was a creditor of Robinson & Osterlind, and claimed to know nothing about the tripartite agreement, the power of attorney, and the conducting of the business as therein provided. On March 5, 1894, in an action brought by appellant against the firm of Robinson & Osterlind in the municipal court, a judgment was entered against the firm in the sum of $188.65. On May 25, 1894, an execution was issued upon that judgment and returned unsatisfied. On October 30, 1898, appellant caused an alias execution to be issued and levied upon certain printing presses then in the possession of Robert C. Withey; and, upon an order to show cause issued from the district court, it was ordered that appellant be forbidden from interfering with the possession of respondent as such receiver, and that the receiver retain in his possession, out of the proceeds of the sale, an amount equal to appellant's claim, and that he hold the same for the period of twenty days to await any proceedings appellant might take in respect thereto. Thereupon, and within twenty days, appellant commenced this action against the respondent, as receiver, substantially setting forth in its complaint all of the facts heretofore stated. The cause was heard before the court without a jury. Findings were made in favor of respondent, and appellant appeals from an order denying a new trial.

Appellant seeks to recover upon the theory that the tripartite agreement was a transfer by Robinson & Osterlind for the purpose of defrauding and hindering their creditors. But, unless it has established by competent proof its charge of fraud, it must fail. The agreement in question was either a voluntary conveyance in trust for the benefit of all of the firm's creditors, or it was a bill of sale absolute, for a valid consideration, to Hilda C. Osterlind, and a declaration of trust by her with the creditors of Robinson & Osterlind. This agreement was not upon its face a contract for the transferring of the firm's property for the special benefit of the particular creditors who signed the tripartite agreement.

Although there are some provisions in the contract which indicate a purpose to give such creditors supervision over the business, having clothed them with the power to take possession of and to sell the same if it should prove unprofitable, yet those provisions do not indicate that the object of the agreement was for the purpose of protecting or paying off the claims of such creditors, to the exclusion of other creditors not parties to the agreement. The same result, therefore, would be arrived at, whether the agreement is treated as a trust between the firm of Robinson & Osterlind and their creditors, or whether the agreement is treated as a sale absolute to Hilda C. Osterlind, and a declaration of trust by her for the benefit of the firm's creditors. The trial court, in applying the proper tests, arrived at the conclusion that, in form, the agreement, as between the firm and Hilda C. Osterlind, was an absolute sale, and we are inclined to accept that version of the contract. The terms of the conveyance were absolute. Hilda C. Osterlind agreed to assume all of the debts of the partnership. No reservation was made on behalf of the grantors. If any surplus remained after paying creditors, it was to revert to the grantee; and in the absence of proof to the effect that the grantors were insolvent, or that there was any fraudulent purpose in the transaction, it cannot be said, from the face of the document, that the transfer was without consideration and was for a fraudulent purpose. This being true, the relation thus created between the grantors and the grantee was not changed by the fact that in the same contract was contained a declaration of trust by the grantee that the business should be conducted for the benefit of the creditors, and be sold when necessary for the payment of the creditors of the firm of Robinson & Osterlind, without discrimination. This being the case, of what can the appellant complain? What has it alleged and proved, entitling it to a prior lien to the other creditors? What has it done to establish any better right than any other of the creditors who have, apparently in good faith, been conducting the business for the benefit of all? As a creditor it stands in the same relation to the property in controversy as all the other creditors.

Order affirmed.